```
IN THE UNITED STATES DISTRICT COURT FOR THE
            EASTERN DISTRICT OF OKLAHOMA

TINA R. LOWRY,                     )
                                   )
            Plaintiff,             )
                                   )
v.                                 )    Case No. CIV-12-326-RAW-KEW
                                   )
CAROLYN W. COLVIN, Acting          )
Commissioner of Social             )
Security Administration,           )
                                   )
            Defendant.             )
```

**REPORT AND RECOMMENDATION**

Plaintiff Tina R. Lowry (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be REVERSED and REMANDED for further proceedings.

**Social Security Law and Standard of Review**

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social

Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

### Claimant's Background

Claimant was born on September 21, 1975 and was 35 years old at the time of the ALJ's decision. Claimant completed her education through the ninth grade. Claimant has worked in the past as a mail carrier and child care attendant. Claimant alleges an inability to work beginning August 1, 2008 due to limitations resulting from a broken back, crushed and compressed vertebrae,

broken spots behind the tailbone, nerve damage, and hip and leg numbness, pain, and tingling.

## Procedural History

On May 7, 2009, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) and for supplemental security income pursuant to Title XVI (42 U.S.C. § 1381, *et seq.*) of the Social Security Act. Claimant's applications were denied initially and upon reconsideration. On October 7, 2010, an administrative hearing was held before ALJ Michael Kirkpatrick in Poteau, Oklahoma. On January 4, 2011, the ALJ issued an unfavorable decision on Claimant's applications. The Appeals Council denied review of the ALJ's decision on July 13, 2012. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He determined that while Claimant suffered from severe impairments, she did not meet a listing and retained the residual functional capacity ("RFC") to perform a range of light work.

## Error Alleged for Review

Claimant asserts the ALJ committed error in (1) failing to

properly evaluate the opinion of Claimant's treating physician; and (2) engaging in a faulty credibility analysis.

## Treating Physician's Opinion

In his decision, the ALJ determined Claimant suffered from the severe impairments of status post compression fracture of the T-12 vertebrae of the thoracic spine, verified by diagnostic images, causing 40% anterior vertebral body height loss and minmal indentation into the subarachnoid space; small right paracentral disk protrusion at the L5-S1 vertebral level of the lumbosacral spine, verified by diagnostic images; and minimal diffuse disk bulges at the L3-4 and L4-5 vertebral levels of the lumbar spine, with degenerative change in the facets at the L4-5 vertebral level of the lumbar spine, both verified by diagnostic images. (Tr. 15). He also found Claimant retained the RFC to perform light work except that she could only occasionally stoop. (Tr. 16). After consultation with a vocational expert, the ALJ determined Claimant could perform the representative occupations of cashier II, cafeteria attendant, and bench assembler. (Tr. 25).

Claimant contends that the ALJ erred in rejecting the opinion of her treating physician, Dr. W.A. Willis. On August 30, 2010, Dr. Willis completed an Attending Physician's Statement. He diagnosed Claimant with a compression fracture at T12. He opined

5

Claimant would need unscheduled breaks at work, would need to keep her legs elevated during an 8-hour work shift, and would need a sit/stand/walk option at will. Dr. Willis stated Claimant's pain and symptoms were severe enough to interfere with attention and concentration and to affect Claimant's ability to tolerate work stress. Claimant could not use her feet for repetitive movements as in operating foot controls. Dr. Willis also offered the opinion that Claimant could not use her hands for repetitive pushing and pulling. (Tr. 276).

The ALJ rejected Dr. Willis' opinion as to Claimant's limitations as not being supported by the medical record. Specifically, the reasons cited by the ALJ include (1) Dr. Willis' status as a family practitioner rather than a specialist; (2) Claimant had only seen Dr. Willis twice after her onset date when he completed the Statement; (3) Claimant had seen three other physicians since she had seen Dr. Willis who do not support his findings; (4) Dr. Willis' treatment plan consisted primarily of prescribing medication; and (5) Dr. Willis' findings are not supported by his treatment records. (Tr. 21). The ALJ concluded Dr. Willis' opinion was not entitled to controlling weight.

In deciding how much weight to give the opinion of a treating physician, an ALJ must first determine whether the opinion is

entitled to "controlling weight."  Watkins v. Barnhart, 350 F.3d 1297, 1300 (10th Cir. 2003).  An ALJ is required to give the opinion of a treating physician controlling weight if it is both: (1) "well-supported by medically acceptable clinical and laboratory diagnostic techniques"; and (2) "consistent with other substantial evidence in the record."  Id. (quotation omitted).  "[I]f the opinion is deficient in either of these respects, then it is not entitled to controlling weight."  Id.

Even if a treating physician's opinion is not entitled to controlling weight, "[t]reating source medical opinions are still entitled to deference and must be weighed using all of the factors provided in 20 C.F.R. § 404.1527."  Id. (quotation omitted).  The factors reference in that section are:  (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion.  Id. at 1300-01 (quotation omitted).

After considering these factors, the ALJ must "give good reasons" for the weight he ultimately assigns the opinion. 20 C.F.R. § 404.1527(d)(2); Robinson v. Barnhart, 366 F.3d 1078, 1082 (10th Cir. 2004)(citations omitted). Any such findings must be "sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinions and the reason for that weight." Id. "Finally, if the ALJ rejects the opinion completely, he must then give specific, legitimate reasons for doing so." Watkins, 350 F.3d at 1301 (quotations omitted).

While the ALJ found Dr. Willis' opinion was not entitled to controlling weight, he did not determine the reduced weight the opinion should be afforded in violation of Watkins. Additionally, some of the reasons given for the rejection of the opinion are suspect. Dr. Willis had the longest treating relationship of any of Claimant's physicians. Although Claimant had been attended by specialists most recent to the alleged onset date, Dr. Willis had seen Claimant twice since the onset date and nine times prior to that date. (Tr. 278-80, 287-91, 320-28, 433-35). This does not form a valid basis for rejection. The fact he is not a specialist does not dilute his long-standing treatment record with Claimant. Additionally, the propriety or advisability of Dr. Willis primarily

prescribing medication in treating Claimant is not for the ALJ to judge or discount. He is not a physician and he cannot superimpose his medical opinion over that of the treating physician.

More importantly, Dr. Willis' opinion has some support in the medical record. Dr. Cheyne found tenderness in Claimant's mid and right lower back, noted her ability to only touch to her knees, and that she walks on her toes and heels with difficulty. He noted decreased sensation in the right lower leg as compared to the left. She experienced persistent right lumbar radiculopathy. (Tr. 269). Dr. Willis recorded Claimant's continued pain despite LESIs. He noted Claimant was a "chronically ill appearing female." (Tr. 291). Claimant continued to suffer limited range of motion after a fall. (Tr. 332).

On remand, the ALJ shall re-evaluate the medical evidence and determine if Dr. Willis' opinion is supported. If additional development of the record is deemed necessary in order to ascertain the objective status of Claimant's limitations, the ALJ shall order such consultative examinations or re-contact the treating physicians to form the record.

### Credibility Determination

Claimant also contends the ALJ failed to adequately link his credibility findings with the medical record. The ALJ relies

heavily upon Claimant's alleged failure to follow through with treatment with Drs. Cheyne and Wade. (Tr. 23). The ALJ fails, however, to specify the treatment which was prescribed but not followed.

It is well-established that "findings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." Kepler v. Chater, 68 F.3d 387, 391 (10th Cir. 1995). "Credibility determinations are peculiarly in the province of the finder of fact" and, as such, will not be disturbed when supported by substantial evidence. Id. Factors to be considered in assessing a claimant's credibility include (1) the individual's daily activities; (2) the location, duration, frequency, and intensity of the individual's pain or other symptoms; (3) factors that precipitate and aggravate the symptoms; (4) the type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms; (5) treatment, other than medication, the individual receives or has received for relief of pain or other symptoms; (6) any measures other than treatment the individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and (7) any other factors concerning the

individual's functional limitations and restrictions due to pain or other symptoms.  Soc. Sec. R. 96-7p; 1996 WL 374186, 3.  On remand, the ALJ shall affirmatively link his findings on credibility to the medical record.

### Conclusion

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied.  Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be **REVERSED and the matter REMANDED** for further proceedings consistent with this Order.  The parties are herewith given fourteen (14) days from the date of the service of these Report and Recommendation to file with the Clerk of the court any objections, with supporting brief.  Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 6th day of September, 2013.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE